UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBRA DENT,

    Plaintiff,

v.                                                   Case No.: 8:07-cv-274-T-33AEP

COMPOSITE STRUCTURES, INC.,
D/B/A MARLOW MARINE SALES,
A FLORIDA CORPORATION AND
ROBERT WHITE TRUST UTAD,
FEBRUARY 13, 1991,

    Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Co-Defendant Composite Structures' Motion for Judgment on the Pleadings as to Counts I and II of Co-Defendant White Trust's crossclaim, filed on May 8, 2009. (Doc. 108) On June 12, 2009, White Trust filed a response in opposition to the Motion. (Doc. 118). For the reasons that follow, the Motion for Judgment is granted.

**I.    Factual Background and Procedural History**

The following factual discussion, taken from White Trust's crossclaim and other pleadings and motions, is accepted as true for the purpose of addressing the Motion for Judgment. Plaintiff, Debra Dent,[1] who is a resident of the state of Florida was employed by

---

[1] By Joint Stipulation (Doc. 13) and Order of the Court (Doc. 14), Plaintiff, Luther Hall's claims were dismissed without prejudice on May 3, 2007. Dent is the only Plaintiff

White Trust as seamen and crew members of the SEABIRD II, a 2004 pleasure yacht owned and operated by White Trust. (Doc. 1 at ¶¶ 2-4.) Composite Structures designed, built, completed, outfitted, manufactured, and sold the SEABIRD II to White Trust on June 11, 2004. (Doc. 1 at ¶ 5.)

Dent's employment began in June 2004. (Doc. 1 at ¶ 6.) During the course of her employment, Dent was overexposed to carbon monoxide, resulting in personal injuries and damages. (Doc. 1 at ¶ 8.)

On February 12, 2007, Dent filed a ten-count complaint against Defendants in this Court, seeking compensatory damages, pre- and post-judgment interest, and costs. (Doc. 1.) Dent has alleged that her overexposure to carbon monoxide, and her resulting injuries, were directly caused by White Trust's negligence. (Doc. 1 at ¶¶ 12-13, 24-25.)

On April 12, 2007, White Trust filed a crossclaim against Composite Structures alleging claims for strict liability (Count I), negligent manufacture of the yacht (Count II), breach of implied warranty of merchantability under the UCC (Count III), breach of written express warranty under the UCC (Count IV), breach of contract (Count V), common law indemnity (Count VI), and contribution (Count III).[2] (Doc. 10.) White Trust has claimed that a defect in the venting of the yacht's engine and/or generator exhaust caused Dent's

---

remaining in the case.

[2] White Trust designated the claim for contribution as Count III, although it is listed sequentially after Count VI and another Count III exists. White Trust has not listed any allegations under this Count. Because this claim is not at issue for the purposes of the Motion for Judgment, the Court will disregard it at this time.

injuries, and that the yacht was defective at the time of sale. (Doc. 10 at ¶ 4.)

Composite Structures filed the Motion for Judgment (Doc. 108) under Fed. R. Civ. P. 12(c), moving for judgment on the pleadings as to Counts I and II of White Trust's crossclaim.[3] The Motion for Judgment is ripe for the Court's review.

## II. Standard of Review

A motion for judgment on the pleadings may be granted "when material facts are not in dispute and judgment can be rendered by looking at the substance of the pleadings and any judicially noticed facts." Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n, 137 F.3d 1293, 1295 (11th Cir. 1998) (citing Slagle v. ITT Hartford, 102 F.3d 494, 497 (11th Cir. 1996) and Herbert Abstract Co. v. Touchstone Props., Ltd., 914 F.2d 74, 76 (5th Cir. 1990)). When considering such a motion, the Court must "accept the facts alleged in the complaint as true and draw all inferences that favor the nonmovant." Id. "The complaint may not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Slagle, 102 F.3d at 497 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## III. Analysis

As a threshold matter, the Court notes the Motion for Judgment has not been converted into a motion for summary judgment because the Court has not considered matters

---

[3] Composite Structures asks the Court for summary judgment. However, the Motion for Judgment was styled and docketed as a motion for judgment on the pleadings.

outside the pleadings.[4] "Rule 7(a) defines 'pleadings' to include both the complaint and the answer, and Rule 10(c) provides that '[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.'" Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) (quoting Fed. R. Civ. P. 7(a) and 10(c)). In addition, "a statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion." Fed. R. Civ. P. 10(c). Here, the Court has considered only White Trust's crossclaim against Composite Structures (Doc. 10), Composite Structures' response to the crossclaim (Doc. 21), and statements in other pleadings and motions adopted by reference.[5]

Composite Structures has argued that judgment on the pleadings is appropriate for Counts I (strict liability) and II (negligence) of the crossclaim. Composite Structures has stated that White Trust asserted these exact claims against Dyna Craft Ltd. (Doc. 31) and that the Court dismissed those claims as being barred by the economic loss rule. (Doc. 92.) White Trust has reasserted that the economic loss rule does not apply. The Court agrees that Counts I and II of the crossclaim are identical to claims previously asserted against Dyna

---

[4] When a document outside the pleadings is considered, Federal Rule of Civil Procedure 12(c) requires that "the motion be treated as a motion for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent by such a motion . . ." Fed. R. Civ. P. 12(c); see Bankers Ins. Co., 137 F.3d at 1295 (stating that a court may consider judicially noticed facts as an exception to the conversion and notice rules).

[5] White Trust's Crossclaim also references a contract between the parties attached as Exhibit A. However, this Exhibit has not been made part of the record.

Craft, and will revisit its analysis of those claims for the purposes of addressing the Motion for Judgment.

### A. Applicability of the Economic Loss Rule

In granting Dyna Craft's motion to dismiss identical claims asserted by White Trust, the Court found that the economic loss rule limits tort liability for a defective product where only damage to the product itself is claimed. Under the economic loss rule, "a manufacturer in a commercial relationship has no duty under either a negligence or strict products-liability theory to prevent a product from injuring itself." East River S.S. Corp. v. Transamerica Delaval, Inc., 476 U.S. 858, 871 (1986). Instead, "contract law, and the law of warranty in particular" should be applied "because the parties may set the terms of their own agreements." Id. at 872-73. Composite Structures notes that White Trust has asserted the same damages under its contractual claims as it has under its tort claims, and argues that White Trust should seek its remedy under a contract theory.[6]

Insofar as White Trust has reasserted its arguments in response to Dyna Craft's motion to dismiss, the Court concludes that the foregoing analysis remains applicable. In addition, the Court agrees with Composite Structures that White Trust must pursue its contract-based claims in lieu of its tort claims. The Court therefore grants the Motion for

---

[6] In granting Dyna Craft's motion to dismiss, the Court found unavailing White Trust's argument that the economic loss rule did not apply to its claim against Dyna Craft because no privity of contract existed between the parties, leaving White Trust without a contractual remedy. Composite Structures does not disclaim privity of contract with White Trust, so this argument need not be readdressed for the purposes of the Motion for Judgment.

Judgment on the basis that White Trust's strict liability and negligence claims against Composite Structures are barred by the economic loss rule.

**B.     Avoidance of the Economic Loss Rule**

As noted above, the economic loss rule can be avoided if the plaintiff claims some injury other than damage to the defective product. In granting Dyna Craft's motion to dismiss, the Court found that White Trust had claimed no such injuries. In both its claim against Dyna Craft and its crossclaim against Composite Structures, White Trust asserts damages including claims for personal injuries alleged by Dent in addition to claims for loss of use of the yacht. (Doc. 10 at ¶ 25.) However, "[p]hysical injury to third parties is insufficient to satisfy th[e] economic loss rule exception." Turbomeca, S.A. v. French Aircraft Agency, Inc., 913 So. 2d 714, 716 (Fla. 3d DCA 2005).

In its response to the Motion for Judgment, White Trust has asserted that Turbomeca is inapposite to this case because the Turbomeca court's analysis referred to a claim for property damage not personal injury. The Court is not persuaded by this argument. Turbomeca involved the crash of a helicopter owned by French Aircraft that was powered by an engine manufactured by Turbomeca. Id. at 715. The pilot and two passengers who were injured in the crash filed suit against French Aircraft, Turbomeca and others, and French Aircraft filed a third-party contribution claim against Turbomeca. Id.

The Turbomeca court found that French Aircraft could not avoid the economic loss rule because it had not been injured itself. Id. at 716. French Aircraft did not "stand in any relation to the injured parties to be able to assert their injuries to satisfy this requirement; the

6

pilot and the passengers asserted their own claims for personal injuries." Id. Similarly, in this case, White Trust may not avoid the economic loss rule by asserting Dent's personal injury claims.

Based upon this analysis, the Court finds that the economic loss rule bars White Trust's tort claims against Composite Structures. Thus, the Court grants the Motion for Judgment (Doc. 108) as to Counts I and II of White Trust's crossclaim.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED** that:

(1)  The Motion for Judgment on the Pleadings (Doc. 108) is **GRANTED**.

(2)  The Clerk is ordered to enter judgment in favor of Composite Structures as to Counts I and II of White Trust's crossclaim.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, on this 13th day of November 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel or Record