UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBRA DENT,

    Plaintiff,

v.                                                  Case No.: 8:07-cv-274-T-33AEP

COMPOSITE STRUCTURES, INC.,
d/b/a MARLOW MARINE SALES,
a FLORIDA CORPORATION and
ROBERT WHITE TRUST UTAD,
FEBRUARY 13, 1991,

    Defendants,

ROBERT M. WHITE as TRUSTEE for
the ROBERT WHITE TRUST UTAD,
FEBRUARY 13, 1991,

    Third Party Plaintiff,

v.

MARLOW EXPLORER YACHTS, LTD.
and DYNA CRAFT, LTD.,

    Third Party Defendants.
_____/

## **ORDER**

Before the Court are Third Party Defendant, Dyna Craft Ltd.'s Motion

for Summary Judgment against White[1] on those claims remaining against Dyna Craft in White's Third Party Complaint (Doc. # 133) and Co-Defendant Composite Structures, Inc.'s Motion for Summary Judgment as to White's Crossclaim.[2] (Doc. # 134) White filed responses in opposition to the summary judgment motions. (Docs. # 143 and # 144)

For the reasons that follow, Dyna Craft's motion (Doc. # 133) is denied and Composite Structures' motion (Doc. # 134) is granted in part and denied in part as set forth below.

I. **Factual Background and Procedural History**

Plaintiff, Debra Dent,[3] a resident of the state of Florida, was employed by White as a seaman and crew member on the SEABIRD II, a 2004 pleasure yacht owned and operated by White. (Doc. # 1 at ¶¶ 2-4) Composite Structures and Dyna Craft designed, built, completed, outfitted, manufactured, and sold or warrantied the SEABIRD II to White on June 11, 2004. (Doc. # 1 at ¶ 5; Doc. # 31 at ¶ 3)

---

[1] Defendant, Robert M. White serves as Trustee for the Robert Trust UTAD, February 13, 1991, Mr. White and the Robert White Trust UTAD, February 13, 1991, will be referred to collectively as "White" throughout this Order.

[2] The Court notes that in the crossclaim (Doc. # 10) and third party complaint (Doc. # 31) White has asserted the same claims against both Composite Structures and Dyna Craft.

[3] By Joint Stipulation (Doc. # 13) and Order of the Court (Doc. # 14), Plaintiff, Luther Hall's claims were dismissed without prejudice on May 3, 2007. Dent is the only Plaintiff remaining in the case.

Dent's employment began in June 2004. (Doc. # 1 at ¶ 6) During the course of her employment, Dent was overexposed to carbon monoxide, resulting in personal injuries and damages. (Doc. # 1 at ¶ 8)

On February 12, 2007, Dent filed a ten-count complaint against White and Composite Structures in this Court,[4] seeking compensatory damages, pre-judgment and post-judgment interest, and costs. (Doc. # 1) Dent alleges that her overexposure to carbon monoxide, and resulting injuries, were directly caused by White's negligence. (Doc. # 1 at ¶¶ 12-13, 24-25)

White filed a crossclaim against Composite Structures alleging claims for strict liability (Count I), negligent manufacture of the yacht (Count II), breach of implied warranty of merchantability under the UCC (Count III), breach of written express warranty under the UCC (Count IV), breach of contract (Count V), common law indemnity (Count VI), and contribution (Count VII).[5] (Doc. # 10) White claims that a defect in the venting of the yacht's engine and/or generator exhaust caused Dent's injuries, and that the yacht

---

[4] Dent did not include Dyna Craft in this action. White filed a third party complaint against Dyna Craft asserting, among other things, claims for indemnity and contribution. (Doc. # 31)

[5] White designates the claim for contribution as Count III, although it is listed sequentially after Count VI and another Count III exists, but that Count was previously dismissed. White lists no allegations of common liability or demand for relief under this Count. The Court assumes that White mislabeled Count VII as the second Count III, and will refer to the final count as Count VII (contribution).

was defective at the time of sale. (Doc. # 10 at ¶ 4)

White also filed a third party complaint against Composite Structures and Dyna Craft (Doc. # 31). The Court previously dismissed White's claims against Dyna Craft for strict liability (Count I), negligent manufacture of the yacht (Count II), and breach of implied warranty of merchantability (Count III). (Doc. # 92, adopting Report and Recommendation (Doc. # 80) that recommended dismissal of Counts I, II and III of White's third party complaint (Doc. 31)) Dyna Craft has asked the Court to grant summary judgment in its favor on the remaining counts in which it is a named defendant - indemnity (Count VI) and contribution (Count VII).[6]

Composite Structures filed a Motion for Judgment on the Pleadings as to strict liability (Count I) and negligence (Count II) of White's crossclaim (Doc. # 108). On November 13, 2009, the Court entered an Order (Doc. # 152) granting the motion for judgment on the pleadings (Doc. 108) and the Clerk entered judgment in favor of Composite Structures as to Counts I and II of White's crossclaim. (Doc. # 154)

## II.  **Summary Judgment Proceedings**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits,

---

[6] White's third party complaint failed to include a "Count V." Dyna Craft is not a named defendant in Count IV (breach of express warranty claim).

if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial."

Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (citing Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988) (citing Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)). However, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981).

### III. Analysis

#### A. Composite Structures' Motion for Summary Judgment (Doc. # 134)

Composite Structures argues that summary judgment is appropriate for all counts of the crossclaim. Composite Structures reasserts the legal argument made in its motion for judgment on the pleadings (Doc. # 108) that White's strict liability and negligence claims are barred by the economic loss

rule. (Doc. # 134 at ¶ 2) Composite Structures argues that an implied warranty of merchantability was expressly disclaimed and that the alleged defect was not covered by the express warranty. (Doc. # 134 at ¶¶ 4-5) If the alleged defect did fall within the express warranty, Composite Structures contends that White's remedy was limited to repair and replacement, which Composite Structures performed at no cost to White. (Doc. # 134 at ¶¶ 6-7) Composite Structures asserts that White did not incur some of the damages alleged under its breach of contract claim, and that others are not recoverable. (Doc. # 134 at ¶ 9) Finally, Composite Structures argues that White's claims for indemnity and contribution do not apply in maritime personal injury cases, and that White failed to allege any material facts in support of its contribution claim. (Doc. # 134 at ¶¶ 10-11)

### 1. Counts I and II - Strict Liability and Negligence Claims

Composite Structures filed a Motion for Judgment on the Pleadings as to Counts I and II of White's crossclaim on May 8, 2009. (Doc. # 108) On November 13, 2009, the Court granted the motion on the basis that White's strict liability and negligence claims are barred by the economic loss rule, and that White may not avoid the economic loss rule by asserting Dent's personal injury claims. (Doc. # 152) Therefore, Counts I and II of White's crossclaim are no longer before the Court.

## 2. Count III - Breach of Implied Warranty of Merchantability

Composite Structures argues that summary judgment is appropriate for White's claim for breach of implied warranty of merchantability under the UCC because any such warranty was expressly disclaimed. (Doc. # 134 at 4) Composite Structures states that the written Limited Warranty provided to White at the time the yacht was purchased includes the following language: "There is **no implied warranty of MERCHANTABILITY or fitness for a particular purpose**." (Ex. A., the "Limited Warranty," emphasis in original.)

In its response, White asserts that the Limited Warranty was issued by an entity named Marlow Explorer Yachts, Ltd., which is not a registered fictitious name of Composite Structures. (Doc. # 143 at 4) White further alleges that Marlow Explorer Yachts, Ltd., is a separate entity from Composite Structures. (Doc. # 143) As a result, White argues that insofar as any implied warranty was disclaimed, it was not disclaimed by Composite Structures. (Doc. # 143 at 5)

Composite Structures responds that it uses Marlow Explorer Yachts, Ltd., as a business name, and that evidence in the record and White's actions support this assertion. (Doc. # 147 at 3) However, based upon a review of the record, the Court finds that these are material facts in dispute that preclude summary judgment on the breach of implied warranty of

merchantability claim. Therefore, summary judgment is denied as to Count III of the crossclaim.

### 3. Count IV - Breach of Written Express Warranty

Composite Structures asserts that the alleged defect in the yacht is not covered by the Limited Warranty. (Doc. # 134 at 4) The Limited Warranty does not cover "engines . . . or other equipment or accessories not manufactured by MARLOW EXPLORER YACHTS, LTD." (Ex. A.) White has claimed that Dent's injuries were caused by a defect in the venting of the yacht's engine and/or generator exhaust, which Composite Structures claims involves equipment it did not manufacture. (Doc. # 134 at 4)

Alternatively, Composite Structures argues that White's remedy is "expressly limited to repair or replacement." (Doc. # 134 at 4) Composite Structures states that it has already repaired the yacht at no charge to White. (Doc. # 134 at 5)

White again responds that the company that issued the Limited Warranty, Marlow Explorer Yachts, Ltd., is a separate entity from Composite Structures; thus any warranty exclusions or limitations were not made by Composite Structures. Furthermore, White contends that the defect involved the venting of the generator, not the generator itself, and thus is not protected by the Limited Warranty. (Doc. # 143 at 8)

Again, the Court finds there are material facts in dispute regarding the issuer of the Limited Warranty, warranty limitations, and the exact nature of the defect. Thus, the Court denies summary judgment as to the breach of written express warranty claim.

### 4. Count V - Damages Under Warranty and Contract Claims

Composite Structures contends that even if White's breach of warranty and breach of contract claims are actionable, there is insufficient evidence to support White's claim for damages. (Doc. # 134 at 5) In each of these claims, White asserts the same damages: "deprivation of the normal use of the yacht; deprivation from the use of the yacht as living accommodations; economic damages, including but not limited to storage of the yacht; surveys; reports to and testing; mental anguish; attorney fees; and, the claims for personal injuries alleged by Plaintiff." (Doc. # 10 at ¶ 38)

Composite Structures argues that White suffered no loss of use; that Robert White does not live aboard the yacht; and that White did not incur storage charges. (Doc. # 134 at 5-6) Composite Structures concedes that liability for loss for surveys, reports to, and testing may attach should White prevail under a breach of warranty/contract theory. (Doc. # 134 at 6) Composite Structures argues that mental anguish is not a colorable claim in contract, but does not offer a legal argument preventing a claim for mental

anguish under a tort theory. (Doc. # 134 at 6) The Court thus finds that there are material facts in dispute with regard to these claims that preclude summary judgment.

Composite Structures contends that White has offered no contractual or statutory basis for an award of attorney fees, and asserts that consequential damages were expressly disclaimed in the Limited Warranty. However, the Court finds these arguments again point to factual disputes regarding the precise nature of the contract and Limited Warranty.

Based upon the foregoing analysis, the Court denies summary judgment as to damages under the breach of warranty and contract claims.

### 5. Counts VI and VII - Indemnity and Contribution

Composite Structures argues that White's claims for common law indemnity and contribution are inapplicable due to the proportional share of fault rule established by the U.S. Supreme Court in United States v. Reliable Transfer Co., 421 U.S. 397 (1975). Since the Reliable Transfer decision, "the established rule for determining liability among joint tortfeasors in maritime personal injury cases has been to distribute the liability among the tortfeasors according to each party's proportional share of fault." Parker v. Great Lakes Dredge & Dock Corp., 2008 WL 4534130 at *6 (M.D. Fla. Oct. 7, 2008) (citation omitted).

Indemnity "shifts the entire loss from one who, although without active negligence or fault, has been obligated to pay, because of some vicarious, constructive, derivative, or technical liability, to another who should bear the costs because it was the latter's wrongdoing for which the former is held liable." Houdaille Indus., Inc. v. Edwards, 374 So.2d 490, 493 (Fla. 1979). Contribution prevents a tortfeasor from "being required to pay more than [its] share of a common burden." Lopez v. Lopez, 90 So.2d 456, 458 (Fla. 1956). This Court has held that indemnity and contribution claims against a settling joint tortfeasor in a maritime personal injury case were barred by the proportional share rule. Parker, 2008 WL 4534130 at *8.

Composite Structures notes that White, as a joint tortfeasor in a maritime personal injury case, "will not face a situation in which it is found liable for a loss without any fault or for more than its share"; therefore summary judgment is appropriate as to the common law indemnity and contribution claims. (Doc. # 134 at 8) However, Composite Structures acknowledges that White's claims for indemnity and contribution are viable for maintenance and cure payments. Great Lakes Dredge & Dock Co. v. Tanker Robert Watt Miller, 92 F.3d 1102 (11th Cir. 1996) (explaining that because a ship owner is liable for maintenance and cure regardless of fault, the cost of

maintenance and cure can only be allocated among joint tortfeasors through a contribution claim).

White argues in its response that similar reasoning applies to the unseaworthiness claim. Unseaworthiness is a strict liability rule that holds a shipowner liable for the injury of seamen irrespective of fault. Yamaha Motor Corp. v. Calhoun, 516 U.S. 199, 208 (1996) (citations omitted). In support of its analysis, White cites Porter v. Eckert, 465 F.2d 1307 (5th Cir. 1972), in which the court upheld an indemnity claim for unseaworthiness. (Doc. # 144 at 6) However, Porter was decided prior to the Supreme Court's decision in Reliable Transfer that established the proportional fault rule. Later cases cited by White involve indemnity claims against third parties, not co-defendants such as Composite Structures.

Based on Composite Structures' acknowledgment that White's claims for indemnity and contribution are viable for maintenance and cure payments, the Court denies summary judgment as to the indemnity and contribution claims for Dent's maintenance and cure claim. It appears that there is no case law directly on point establishing a categorical rule in this jurisdiction that indemnity and contribution are applicable to Dent's unseaworthiness claims, and White's reliance on Porter may ultimately prove to be unjustified. However, White's arguments regarding unseaworthiness are sufficient to

allow him to survive summary judgment. Thus, in conclusion, the Court denies summary judgment as to the indemnity and contribution claims with regard to Dent's maintenance and cure and unseaworthiness claims, but grants summary judgment with regard to all other indemnity and contribution claims.

**6.     Contribution**

Composite Structures urges the Court to grant summary judgment with regard to White's claim for contribution because White failed to state facts sufficient to support the claim. Furthermore, White failed to properly plead the claim because it made no demand for relief or allegations of common liability.

Federal Rule of Civil Procedure 8(a)(3) provides an "express and unambiguous direction that the plaintiff include a demand for relief in her pleadings." Cohen v. Office Depot, Inc., 184 F.3d 1292, 1297 (11th Cir. 1999), *vacated on other grounds*, 204 F.3d 1069 (11th Cir. 2000) (citations omitted). "To state a claim for contribution, the claimant must allege a common liability to the injured party." CC-Aventura, Inc. v. The Weitz Co., LLC, 2008 WL 1925266 at *2 (S.D. Fla. Apr. 29, 2008).

In its response, White states that the omission of allegations as to this claim was a clerical error, and has asked the Court to allow it to interlineate language from an identical claim in its third party complaint against Dyna Craft

or alternatively, to amend its crossclaim. (Doc. # 143 at 11) The Court agrees that in all other respects White has asserted the exact same claims against Composite Structures as against Dyna Craft. (Doc. # 31) However, the Court is not convinced that the interlineation would cure the fatal defects in the complaint and, at this stage of the proceedings, denies White's request to amend the crossclaim. Therefore, the Court grants summary judgment for Composite Structures as to the contribution claim.

### B. Dyna Craft's Motion for Summary Judgment (Doc. # 133)

Like Composite Structures, Dyna Craft argues that based on the Supreme Court's decision in United States v. Reliable Transfer Co., 421 U.S. 397 (1975), White's indemnity and contribution claims are precluded as a matter of law. Specifically, Dyna Craft argues that White's indemnity and contribution claims against Dyna Craft can only succeed if White has to pay Dent more than White's proportional share. Under the proportional fault rule established by Reliable Transfer, however, White cannot, as a matter of law, be held responsible for more than his proportional share.

Dyna Craft further argues that White's indemnity and contribution claims also must fail due to the application of the economic loss rule as set forth in East River S.S. Corp. v. Transamerica Delaval, Inc., 476 U.S. 858 (1986), which found that under the economic loss rule, a claimant may not by means

of a tort claim recover economic damages resulting from a product that failed to perform as expected.

Dyna Craft notes that White's indemnity and contribution claims sound in tort and seek to recover potential economic damages sustained by White from his purchase of the yacht from Dyna Craft. Dyna Craft informs the Court that White's contribution and indemnity claims are essentially negligence claims against Dyna Craft. Dyna Craft notes that the Court has already ruled that White's direct negligence claim against Dyna Craft was subject to the economic loss rule and dismissed. Dyna Craft asks the Court to dispose of White's indemnity and contribution claims in the same manner. (Doc. # 133 at 12, n.26)

White responds that Dyna Craft's reliance on <u>Reliable Transfer</u> is misplaced because under maritime law, the proportionate fault rule applies among <u>parties</u> but maritime law does not generally permit courts to enter findings of proportional negligence against non-parties. Thus, White claims that without Dyna Craft in the litigation, its comparative fault cannot be assessed, and thus, White's proportional fault, if any, cannot be accurately determined vis-a-vis Dyna Craft's fault.

White acknowledges that Dyna Craft is correct that with regard to indemnity, White must show that he is without fault and Dyna Craft is at fault.

However, two of the three counts Dent asserted against White, do not require a finding of White's fault to prevail on liability - maintenance and cure and unseaworthiness.

White reminds the Court that no Florida (state or federal) or admiralty case has held that an indemnity action is barred under the economic loss doctrine, but that both Florida and maritime case law have upheld the right to collect indemnity in circumstances similar to those presented here. White claims that the cases Dyna Craft cites are inapposite.

The Court finds White's arguments compelling and declines to grant summary judgment in favor of Dyna Craft on the remaining indemnity and contribution claims from White's third party complaint. As White notes, without Dyna Craft's presence in this case, he may be assigned a disproportionate percentage of fault and be left without remedy against Dyna Craft.

As for Dyna Craft's argument under the economic loss rule, although the Court found that White's direct negligence claim against Dyna Craft was subject to dismissal under that rule, the Court based that dismissal of a direct negligence claim on well-established precedent. Here, the Court is faced with a completely different set of facts, "analogous" claims (contribution and indemnity), and no direct precedent to support Dyna Craft's request that the

Court find that White's indemnity claim should be barred under the economic loss doctrine. Thus, the Court finds that Dyna Craft's Motion for Summary Judgment should be denied in its entirety.

### IV. Conclusion

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED** that:

Dyna Craft's Motion for Summary Judgment (Doc. # 133) is **DENIED** as to Counts VI (indemnity) and VII (contribution) from White's third party complaint (Doc. # 31).

Composite Structures' Motion for Summary Judgment (Doc. # 134) is **GRANTED in part** as to Count VI (indemnity), **GRANTED** as to Count VII (contribution) and **DENIED** as to Counts III-V from White's crossclaim (Doc. # 10).

**DONE** and **ORDERED** from Chambers in Tampa, Florida on this 17th day of November 2009.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record